Paulo B. McKeeby (SBN 00784571)
*Pro Hac Vice Pending*
Email:       pmckeeby@reedsmith.com
REED SMITH LLP
2501 N. Harwood Street
Suite 1700
Dallas, TX  75201
Telephone: +1 469 680 4200
Facsimile: +1 469 680 4299

Garrett C. Parks (SBN 297971)
Email:       gparks@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE KOHLMANN,<br><br>            Plaintiff,<br><br>    vs.<br><br>TYLER TECHNOLOGIES, INC., an entity; and DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No. _____<br><br>**DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>Contra Costa County Superior Court<br>Case No.:         C20-00008<br>State Action Filed:   January 6, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE CLERK OF COURT, AND PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Tyler Technologies, Inc. ("Defendant"), hereby removes the above-captioned action from the Superior Court of the State of California for the

County of Contra Costa to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Marianne Kohlmann ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of Contra Costa, as an exhibit to a Notice to State Court of Removal to Federal Court.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. Plaintiff filed this action against Defendant on January 6, 2020, in the Superior Court for the County of Contra Costa, in a case entitled, *Kohlmann v. Tyler Technologies, Inc., et al.*, Case No. C20-00008 (the "State Court Action").

2. On January 7, 2020, the State Court Action was served on Defendant. *See* Declaration of Garrett C. Parks ("Parks Declaration") at ¶ 2. On February 5, 2020, Defendant filed an Answer to Plaintiff's Complaint and simultaneously removed the State Court Action to this Court. *Id.* at ¶ 3. Copies of the Complaint, Answer, Summons and ADR Package in the State Court Action are attached to the Parks Declaration as **Exhibit A**, and constitute all process, pleadings, and orders purported to be served in this action. *Id.* at ¶ 4.

3. In the State Court Action, Plaintiff alleges state law claims against Defendant for discrimination, harassment, failure to engage in the interactive process, failure to accommodate, retaliation, failure to prevent discrimination/harassment/retaliation, and wrongful termination (the "Complaint"). *See generally* Complaint.

4. A copy of the Notice to State Court of Removal to Federal Court is attached (without exhibits) to the Parks Declaration at ¶ 5 and **Exhibit B**.

**NO JOINDER NECESSARY**

5. Because there are no other ascertainable Defendants in this action, no consent to removal is necessary.

**BASES FOR REMOVAL**

6. This Court has original jurisdiction under 28 U.S.C. § 1332 and Defendant may remove the State Court Action from state court to federal court pursuant to 28 U.S.C. § 1441 because it

involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), and is between citizens of different states.

## DIVERSITY JURISDICTION

**Plaintiff's Citizenship**

7. Plaintiff alleges she is a resident of California. *See* Complaint ("Compl.") ¶ 5. A natural person's citizenship is determined by his state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, Plaintiff is domiciled in California.

**Defendant's Citizenship**

8. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Plano, Texas under the "nerve center" test. Declaration of Kelley Scott ¶¶ 2-3; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

**Amount in Controversy Exceeds $75,000**

9. The Complaint seeks compensatory damages, economic damages, punitive damages, interest on Plaintiff's alleged damages, and costs and attorneys' fees. *See* Compl. at Prayer.

10. On or around June 4, 2018, Tyler hired Plaintiff at an annual salary of $70,000. *See* Scott Declaration ¶¶ 4-5. Plaintiff's employment with Defendant ended around September 25, 2018, at which point she had earned approximately $22,076.94. *Id.* If Plaintiff were to prevail at trial and was awarded front pay, that amount, added to any back pay award, would exceed the $75,000 jurisdictional requirement.

11. The Court may consider Defendant's calculations in determining whether the amount in controversy requirement is met. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-32 (N.D. Cal. 2002) (while declining to project future wage loss until an estimated trial date, the Court agreed, based on defendant's calculations, that expected damages exceeded the amount claimed by plaintiff in the complaint). While Defendant denies Plaintiff is entitled to compensatory damages,

for purposes of the amount in controversy requirement, Defendant's projections of Plaintiff's alleged compensatory damages should be considered.

12. The Complaint seeks punitive damages. *See* Compl. at Prayer. Punitive damages are considered part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law"). "Punitive damages are available under FEHA." *Id.* Defendant denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered.

13. The Complaint seeks an award of attorneys' fees. *See* Compl. at Prayer. "Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract." *Simmons*, 209 F. Supp. 2d at 1034. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* Defendant denies that any attorneys' fees should be awarded here; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered.

14. While Defendant denies any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

**VENUE**

15. The State Court Action is being removed from the Superior Court of the State of California, County of Contra Costa. *See generally* Compl. As such, venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

**TIMELINESS OF REMOVAL**

16. This Notice of Removal is timely because Defendant has removed within 30 days of service. 28 U.S.C. § 1446(b).

**CONCLUSION**

17. For the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1). Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant gives notice that the State Court Action pending against it in the Superior Court of the State of California for the County of Contra Costa is removed to this Court.

DATED: February 5, 2020

                                                  REED SMITH LLP

By: */s/ Garrett C. Parks*
     Paulo B. McKeeby *(Pro Hac Vice)*
     Garrett C. Parks
     Attorneys for Defendant
     Tyler Technologies, Inc.