Paulo B. McKeeby (SBN 00784571)
*Pro Hac Vice Pending*
Email:     pmckeeby@reedsmith.com
REED SMITH LLP
2501 N. Harwood Street
Suite 1700
Dallas, TX  75201
Telephone: +1 469 680 4200
Facsimile: +1 469 680 4299

Garrett C. Parks (SBN 297971)
Email:     gparks@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE KOHLMANN,<br><br>        Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., an entity; and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**DECLARATION OF GARRETT C. PARKS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br><br>Contra Costa County Superior Court<br>Case No.:     C20-00008<br>State Action Filed:  January 6, 2020 |

I, Garrett C. Parks, declare as follows:

1. I am an attorney at the law firm Reed Smith LLP, attorneys of record in this action for Defendant Tyler Technologies, Inc. ("Defendant"). I am licensed to practice law in the State of California and before this United States District Court. I have personal knowledge of the matters

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-151327982.1-GCPARKS

contained in this Declaration. I submit this Declaration in support of Defendant's removal of the civil action to this Court.

2. On January 7, 2020, Defendant was served with the Summons and Complaint in the case captioned, *Kohlmann v. Tyler Technologies, Inc., et al.*, Case No. C20-00008, which was filed in the Superior Court of California, County of Contra Costa. This was Defendant's first receipt of the Complaint through any means of purported service.

3. On February 5, 2020, Defendant filed an Answer to the Complaint in the Superior Court and simultaneously removed the case to this Court.

4. True and correct copies of the Complaint, Answer, Summons, ADR Package, and Civil Cover Sheet are attached as **Exhibit A**, and constitute all process, pleadings, and orders purported to be served in this action.

5. A true and correct copy of the Notice to State Court of Removal to Federal Court is attached (without exhibits) as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on the 5th day of February, 2020, at San Francisco, California.

Garrett C. Parks

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DECLARATION OF GARRETT C. PARKS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FILED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2020 JAN -6 P 1:45

C. PUCKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

BY: B. WEBER, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Tyler Technologles, Inc., an entity; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Marianne Kohlmann, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Contra Costa Superior Court<br>*(El nombre y dirección de la corte es):*<br>Wakefield Taylor Courthouse<br>725 Court Street, Martinez, CA 94533 | CASE NUMBER (Número del Caso): **C20-00038** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | | | |
|---|---|---|---|
| DATE: **JAN 0 6 2020**<br>*(Fecha)* | Clerk, by **D. Weber**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* Tyler Technologies, Inc

under: ☒☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

1

**JHANS LAW**
2  SIDDHARTH JHANS, SBN 254165
2121 North California Blvd, Suite 290
3  Walnut Creek, CA 94596
Telephone: (415) 994-2653
4  Email: sid@jhanslaw.com

5  Attorney for Plaintiff
MARIANNE KOHLMANN
6

FILED

2020 JAN -6  P 1:44

KATE ESKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: D. VELEZ  , DEPUTY CLERK

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **COUNTY OF CONTRA COSTA**

9

10  MARIANNE KOHLMANN, an individual,   | CASE NO.:      **C 2 0 - 0 0 0 0 8**

11          Plaintiff,                 | [Unlimited Jurisdiction]

12      vs,                            | **COMPLAINT FOR DAMAGES**

13  TYLER TECHNOLOGIES, INC. an entity;   | (1) Discrimination based on Disability and
and DOES 1 through 25, inclusive,      |     Medical Condition;
14                                     | (2) Harassment based on Disability and
15          Defendants.                |     Medical Condition;
                                       | (3) Failure to Engage in a Good-Faith
16                                     |     Interactive Process;
                                       | (4) Failure to Accommodate;
17                                     | (5) Retaliation;
                                       | (6) Failure to Prevent Discrimination,
18                                     |     Harassment and/or Retaliation;
19                                     | (7) Wrongful Termination in Violation of
                                       |     Public Policy;
20
21                                     | **[JURY TRIAL DEMANDED]**
22

23          COMES NOW the Plaintiff, MARIANNE KOHLMANN ("Plaintiff" or "Ms.

24  Kohlmann"), who hereby respectfully alleges, avers, and complains, as follows:

25

26

27

28

-1-

**COMPLAINT**

## INTRODUCTION

1.      This is an action brought by Plaintiff pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant TYLER TECHNOLOGIES, INC. ("TYLER").

2.      Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff is entitled to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Contra Costa County Superior Court Rules, including those related to wrongful termination.

4.      Venue is proper in this Court pursuant to § 395(a) of the California Code of Civil Procedure, because none of the Defendants reside in the state of California, and many of the acts and omissions giving rise to the causes of action stated herein occurred or arose in the County of Contra Costa, State of California.

## PARTIES

5.      At all times herein mentioned, Plaintiff was a resident of Hercules, California.

6.      Defendants are and at all times herein mentioned in this Complaint were, authorized to operate throughout the State of California.  Plaintiff's primary work location for defendant, when not traveling, was her home in Hercules, California.

7.      TYLER is an employer, as defined by the California Fair Employment and Housing Act, California Government Code section 12900, et seq. (hereafter "FEHA").

8.      Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment.  Plaintiff further alleges that as to each Defendant, whether named or referred to as

-2-
COMPLAINT

a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, and/or omissions, of each remaining Defendant.

9.    The true names and capacities of the Defendants named herein as DOES 1 through 25, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

10.    Plaintiff is informed and believes that Defendants TYLER and Defendants DOES 1 through 25 committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful acts, and will seek leave of court to amend this Complaint to add said acts upon discovery.

## EXHAUSTION OF REMEDIES

11.    Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on her by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing ("DFEH"), and has received a Right to Sue Letter from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted her administrative remedies prior to filing, commencing, and serving the within action.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

12.    Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein, and is informed and believes as follows:

13.    Ms. Kohlmann was hired by TYLER on May 10, 2018 as an Implementation Consultant, initially reporting to Director Carrie Giesy. Her role involved significant travel and her home office was her residence, from which she worked when she was not traveling.

14.    As part of her training, Ms. Kohlmann was required to perform several

-3-
**COMPLAINT**

assessments known as facilitations.  Ms. Kohlmann's first facilitation took place on June 25, 2018.  Ms. Kohlmann was given an "acceptable" result for this facilitation.

15.   Ms. Kohlmann is a breast cancer survivor and regularly gets checked up to ensure that a recurrence of cancer has not occurred.  On June 26, 2018, Ms. Kohlmann's oncologist confirmed that she had a recurrence of breast cancer.   Ms. Kohlmann was informed that surgery needed to be performed as soon as possible to remove the cancer from her body before it metastasized.  In the days following her breast cancer recurrence diagnosis, Ms. Kohlmann experienced significant amount of anxiety and as a result had difficulty sleeping.

16.   Within a couple of days after learning she had cancer, Ms. Kohlmann informed Ms. Giesy of her diagnosis and that she needed some time off to deal for surgery and healing. Thereafter, Ms. Kohlmann scheduled her breast cancer surgery on August 8, 2018.  No one from TYLER, including Ms. Giesy, inquired from Ms. Kohlmann whether she needed any accommodation, including additional time to prepare her second facilitation.

17.   On July 9, 2018, Ms. Kohlmann was given a topic for her second facilitation, which she was scheduled to give on July 19, 2018 in Maine.

18.   On July 13, 2018, Ms. Kohlmann's manager Ms. Giesy went on maternity leave and she was told to report to Project Manager Jennifer Cardinale.

19.   On July 16, 2018, Ms. Kohlmann departed for Maine.  On the night of July 18, 2019, Andrew Schafer, another Implementation Consultant, who was staying in the hotel room next to Ms. Kohlmann, held a loud party in his room, which combined with the severe anxiety she was already experiencing on account of her cancer recurrence, prevented Ms. Kohlmann from getting any sleep that night.

20.   Early on the morning of July 19, 2018, Ms. Kohlmann emailed Jennifer Turgeon, the head trainer at Tyler, asking for an accommodation of more time to prepare for her second facilitation in light of severe anxiety she was experiencing after receiving her cancer diagnosis and the lack of sleep she experienced the night before.  Ms. Turgeon told Ms. Kohlmann to get some sleep and check back in with her and Kate Wilber from Tyler Human Resources to let them

-4-

know how she was feeling, at which time they would decide when Ms. Kohlmann would do her facilitation. Based on this conversation, Ms. Kohlmann gathered that she would be conducting her facilitation on another day.

21.     That same morning, Ms. Turgeon emailed Ms. Kohlmann and informed her that she would need to conduct her facilitation at 3:50 pm that same day. Ms. Kohlmann responded to Ms. Turgeon's email by explaining that based on her conversation from the morning, she had understood that she was only supposed to check in at noon and that she would not be presenting that same day. Ms. Kohlmann indicated that given her health and the circumstances, she would not be able to conduct the facilitation that same day.

22.     Shortly after she sent this email, on which Ms. Wilber was copied, Ms. Kohlmann received a call from Ms. Wilber. In a phone call that lasted approximately seventeen minutes, in which Ms. Wilber was angry and hostile in tone, Ms. Kohlmann was castigated severely. Ms. Wilber told Ms. Kohlmann that Tyler had high expectations from its employees, that the Implementation Consultant role was a difficult role and suggested "in light of your health issues" such a role "is inconsistent with your career choice." Because Ms. Wilber did not suggest any particular accommodation, nor another role with Tyler that involved less travel, it was clear to Ms. Kohlmann that Ms. Wilber was suggesting that Ms. Kohlmann should resign from Tyler. Ms. Kohlmann quietly and passionately defended herself throughout the call and told Ms. Wilber that she could not function on no sleep while she had an active breast cancer recurrence. Ms. Kohlmann explained to Ms. Wilber that her particular health condition caused tumors to grow quickly, and as a result her cancer was life-threatening, which is what was causing her to experience very high anxiety and poor sleep.

23.     Following this conversation, on the evening of July 19, 2018, Ms. Turgeon emailed Ms. Kohlmann and told her that she spoke with Ms. Wilber and that "due to your illness we will make an exception" and Ms. Kohlmann would give her facilitation on the morning of July 20, 2018.

24.     Ms. Kohlmann delivered her second facilitation on July 20, 2018. Trainer

-5-

COMPLAINT

Maureen Gelinas rated Ms. Kohlmann an "Inconsistent." The grade sheet for Ms. Kohlmann's second facilitation was prefaced with a lengthy note calling attention to the fact that Ms. Kohlmann needed the facilitation moved "due to her illness."

25.     On July 27, 2018, Ms. Kohlmann had a "facilitation review" phone call with Director Scott Parks who inquired from Ms. Kohlmann if there was something that had changed between the first facilitation and the second. Ms. Kohlmann informed him that she had been diagnosed with cancer after the first facilitation.

26.     On August 2, 2018, Ms. Kohlmann emailed her Project Manager, Jennifer Cardinale to inquire about the proper way to enter her surgery dates on her time card. Ms. Cardinale forwarded the email to Ms. Wilber to assist. Ms. Wilber did not respond until August 26, 2018, more than two weeks after Ms. Kohlmann's surgery. Ms. Kohlmann figured out how to fill out the time card on her own.

27.     On Friday August 3, 2018 at 2:40 pm, after taking the initiative to follow up with Ms. Gelinas, Ms. Kohlmann received the topic for her third facilitation. Though Ms. Gelinas had told Ms. Kohlmann that Tyler protocol is to deliver topics for a facilitation one week prior to the facilitation, Ms. Kohlmann was only given a total of four preparation days, two prior to surgery, and two days following her return from surgery.

28.     On August 8, 2018, Ms. Kohlmann had her cancer surgery. Though her physician advised that Ms. Kohlmann should take at least between two and three weeks off to recuperate following surgery, against this recommendation, she was given less than a week off and reported back to work on August 15, 2018. She remained in intense pain for a considerable amount of time after she was back to work. No one from TYLER asked Ms. Kohlmann whether she needed any accommodations when she returned to work, including additional time to prepare for her third facilitation.

29.     Ms. Kohlmann prepared for the third facilitation n on August 6, 7, and on August 15 and 16th, upon her return from surgery. On August 15, 2018, Ms. Kohlmann reviewed the facilitation with her mentor Aaron Pollock. He approved Ms. Kohlmann's content and

-6-

communication methods.

30.     Since revealing her cancer diagnosis to Tyler, and the ensuing conversation with Ms. Wilber on July 19, 2018, Ms. Kohlmann believed that her job with Tyler was in jeopardy. In an effort to show her gratefulness and save her job, following her surgery, on August 17, 2018, Ms. Kohlmann emailed Jennifer Cardinale and Carrie Giesy informing them that her surgery had concluded and thanked them.

31.     Despite being in immense pain following her surgery, Ms. Kohlmann performed the third facilitation on August 17, 2018. In stark contrast to other trainees, Ms. Kohlmann was given a complicated topic involving a total of eight points and sub-points, whereas other trainees received two-word topics only. Despite the complexity of the topic, and despite being given less time to prepare than other trainees, Ms. Kohlmann covered all points and sub-points in the presentation, as Ms. Gelinas herself admitted in the grade sheet for the third facilitation. Despite this, Ms. Kohlmann received an "Inconsistent" rating. The grade sheet for third facilitation also made reference to the fact that "not all gestures used" by her were "congruent with message," which was ostensibly a reference to the involuntary ticks caused by Ms. Kohlmann's Marfan syndrome.

32.     On August 22, 2018, Ms. Kohlmann emailed Ms. Cardinale to strongly dispute the "Inconsistent" rating she received on her third facilitation. Among the things that Ms. Kohlmann pointed out in disputing the rating she was given was that her topic was a significantly more complex topic than that given to other trainees, but that nonetheless she covered all topics and sub-topics with completeness. Ms. Kohlmann also pointed out that the technical issues that were experienced were due to weak internet connection at the location where she was giving her presentation. Ms. Cardinale responded on August 23, 2018 that she was looking into the points Ms. Kohlmann made, and that she would get back to her. However, Ms. Cardinale never got back to Ms. Kohlmann.

33.     In between the three facilitations she was given, Ms. Kohlmann was following the instructions given by Ms. Cardinale and Tyler management and was asked on "shadow" other

-7-

employees to client locations, including Glendale, California and Hanford, California. Though Ms. Kohlmann was in severe pain from the seven large incisions she had as a result of her cancer surgery, she nonetheless made these trips so as not to displease Tyler. During one such trip, Ms. Kohlmann was told by one of the senior consultants with whom she traveled that it was likely that she would be terminated because of her health issues, since she was aware of others who were adversely treated during their employment with Tyler. This person relayed to Ms. Kohlmann the story of another Tyler Implementation Consultant who was a very tall individual and was treated adversely by some of the trainers for simply being very tall.

34.    On September 10, 2018, Ms. Kohlmann was given a written "Performance warning" by Mr. Parks and told that she would have to do another facilitation and be graded higher or would be terminated. Ms. Kohlmann noticed that Mr. Parks had given her only one day of preparation time between receiving the topic for the facilitation and actually performing the facilitation. This was again, in stark contrast to Tyler's policy of giving other trainees the topic for the facilitation one week prior to the facilitation, as Ms. Gelinas had previously informed Ms. Kohlmann. Though Ms. Kohlmann asked for more time to prepare for the final presentation, pointing out that Tyler's protocol is to give a week of preparation time, Mr. Parks refused.

35.    On September 13, 2018, Ms. Kohlmann was in severe pain and nearly passed out at a client site she was in Hanford, California during one of her business trips. Ms. Kohlmann suspected that the incision on her back from which a skin graft was taken following her breast surgery may have become infected as it had become sore and hot. Ms. Kohlmann called Ms. Cardinale and informed her of the medical complications she was undergoing as a result of her cancer surgery, including the severe pain she was in from the skin grafts and stitches. Due to the severe pain she was in, Ms. Kohlmann could not fly and sought permission to stay overnight in Hanford, California. After speaking with Mr. Parks, Ms. Cardinale, informed Ms. Kohlmann she could fly home the next day. Neither Mr. Parks nor Ms. Cardinale, nor any either TYLER employee asked Ms. Kohlmann whether she needed an accommodation to recover from the post-surgical complications she was experiencing, including whether she needed any additional time to

-8-

prepare for her fourth facilitation.

36.   On September 20 2018, Ms. Kohlmann had her fourth facilitation.  At the outset of this facilitation, Ms. Kohlmann noted that she was given less than 24 hours to prepare for the facilitation after receiving the topic, in marked contrast to Tyler's protocol of offering other trainees one week to prepare following receipt of the topic.  Tyler rated Ms. Kohlmann an "Inconsistent" on the fourth assessment and terminated her on September 25, 2018.

37.   Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on her by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing ("DFEH") and has received a Right to Sue Letter from the DFEH.  Plaintiff has therefore substantially complied with all the requirements for the filing of this Complaint and has exhausted her administrative remedies prior to filing, commencing, and serving the within action.

## FIRST CAUSE OF ACTION

### DISCRIMINATION BASED ON DISABILITY AND MEDICAL CONDITION
(Against All Defendants)

38.   As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

39.   At all times relevant herein, Government Code § 12940(a) was in full force and effect, and was binding upon Defendants.  Said section makes it unlawful for an employer to discriminate against an employee on the basis of a disability and/or medical condition.

40.   At all times mentioned herein, Plaintiff performed the essential job duties of her position above or beyond levels which were expected of her.

41.   As more fully set forth above, Plaintiff suffered from a serious and chronic medical condition and disability, namely breast cancer, and post-surgical complications from surgery to remove the cancer.  Plaintiff's medical condition and disability limited her ability to

-9-

COMPLAINT

perform major life activities. Defendant knew and/or treated Plaintiff as if she suffered from disabilities and serious medical conditions that limited her ability to perform major life activities as set forth in this Complaint.

42.     As set forth more fully above, Defendants discriminated against and took several adverse employment actions against Plaintiff due to her actual or perceived disability including having its HR personnel castigate her and tell her that her that her health issues were inconsistent with her career with Defendant, giving her more complicated facilitation topics than other trainees, giving her less time to prepare for facilitations than other trainees, failing to timely initiate the interactive process in good faith after being on notice that she may need an accommodation and/or further accommodation, including additional time to prepare for facilitations, and failing to provide her with an adequate accommodation in the form of a longer leave of absence which would have allowed her to properly recover following breast cancer surgery, giving her "Inconsistent" grades on facilitations for spurious reasons, placing her on spurious PIP less than a month after her surgery, and ultimately terminating her employment.

43.     Plaintiff is informed and believes that her disability and medical condition was a substantial motivating factor in Defendants' decision to terminate Plaintiff's employment and the other adverse employment actions taken against her, because Defendant was aware that Plaintiff had a history of breast cancer and was experiencing post-surgical complications from her cancer surgery, and it did not want to undertake its obligations to provide reasonable accommodations as required under the FEHA regulations, including offering her additional time to prepare for facilitations, and a further leave of absence.

44.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be determined at trial according to proof.

45.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount to be determined at trial according to proof.

46.    In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

47.    Plaintiff has also incurred and continues to incur attorney's fees and legal expenses, and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

## SECOND CAUSE OF ACTION

### HARASSMENT BASED ON DISABILITY AND MEDICAL CONDITION
(Against All Defendants)

48.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

49.    At all times herein, Government Code §12940(j) was in full force and effect, and was binding upon Defendants. It provides that it is unlawful for an employer to harass an individual because of the individual's protected status, including because of a disability and/or a medical condition.

50.    At all times mentioned herein, Plaintiff performed the essential job duties of her position above and beyond levels which were expected of her.

51.    As more fully set forth above, Plaintiff suffered from a serious and chronic medical condition and disability, namely breast cancer, and post-surgical complications from surgery to remove the cancer. Plaintiff's medical condition and disability limited her ability to perform major life activities. Defendant knew and/or treated Plaintiff as if she suffered from disabilities and serious medical conditions that limited her ability to perform major life activities as set forth in this Complaint.

52.    As set forth more fully above, Defendants harassed and took several adverse employment actions against Plaintiff due to her actual or perceived disability including having its

-11-

**COMPLAINT**

HR personnel castigate her and tell her that her that her health issues were inconsistent with her career with Defendant, giving her more complicated facilitation topics than other trainees, giving her less time to prepare for facilitations than other trainees, failing to timely initiate the interactive process in good faith after being on notice that she may need an accommodation and/or further accommodation, including additional time to prepare for facilitations, and failing to provide her with an adequate accommodation in the form of a longer leave of absence which would have allowed her to properly recover following breast cancer surgery, giving her "Inconsistent" grades on facilitations for spurious reasons, placing her on spurious PIP less than a month after her surgery, and ultimately terminating her employment.

53.     Plaintiff is informed and believes that her disability and medical condition was a substantial motivating factor in Defendants' decision to terminate Plaintiff's employment and the other adverse employment actions taken against her, because Defendant was aware that Plaintiff had a history of breast cancer and was experiencing post-surgical complications from her cancer surgery, and it did not want to undertake its obligations to provide reasonable accommodations as required under the FEHA regulations, including offering her additional time to prepare for facilitations, and a further leave of absence.

54.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be determined at trial according to proof.

55.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount to be determined at trial according to proof.

56.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

57.     Plaintiff has also incurred and continues to incur attorney's fees and legal

expenses, and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

### THIRD CAUSE OF ACTION

#### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
(Against All Defendants)

58.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

59.     At all times relevant herein, Government Code § 12940(n) was in full force and effect, and was binding upon Defendants.  Said section and its implementing regulations, provide that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations where an employer becomes aware of the possible need for an accommodation through a third party, by observation, or because the employee has exhausted leave for the employee's own serious health condition under the CFRA and/or FMLA leave provisions.

60.     As more fully set forth above, Plaintiff suffered from a serious and chronic medical condition and disability, namely breast cancer, and post-surgical complications from surgery to remove the cancer.  Plaintiff's medical condition and disability limited her ability to perform major life activities. Defendant knew and/or treated Plaintiff as if she suffered from disabilities and serious medical conditions that limited her ability to perform major life activities as set forth in this Complaint.

61.     At all times mentioned herein, Plaintiff desired a reasonable accommodation in the form of additional time to prepare for her facilitations following her cancer diagnosis, her surgery and post-surgical complications; a leave of absence of two to three weeks following surgery as recommended by her physician so that she could properly recover and return to work without being in immense pain; and a leave of absence to recuperate from the post-surgical complications she was undergoing. Such accommodations would have likely been effective in allowing Plaintiff

-13-

to recover so that she could return to work without being in immense pain, having her wounds infected and/or her stitches at risk of rupture. At no time would the performance of the functions of the employment position, with the aforementioned reasonable accommodation for Plaintiff's disability and medical condition, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

62.    At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements for her position or any other positions for which she was eligible.

63.    Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether she needed additional time to prepare for her facilitations, additional time beyond the one week it gave her following her surgery to recuperate, and any accommodations, including a leave of absence, to recuperate from her post-surgical complications. Instead, it took several adverse employment actions against Plaintiff due to her actual or perceived disability including having its HR personnel castigate her and tell her that her that her health issues were inconsistent with her career with Defendant, giving her more complicated facilitation topics than other trainees, giving her less time to prepare for facilitations than other trainees, failing to timely initiate the interactive process in good faith after being on notice that she may need an accommodation and/or further accommodation, including additional time to prepare for facilitations, and failing to provide her with an adequate accommodation in the form of a longer leave of absence which would have allowed her to properly recover following breast cancer surgery, giving her "Inconsistent" grades on facilitations for spurious reasons, placing her on spurious PIP less than a month after her surgery, and ultimately terminating her employment.

64.    As a proximate result of the wrongful conduct of the Defendant, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

65.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

66.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

67.     Plaintiff has also incurred and continues to incur attorney's fees and legal expenses, and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

### FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY AND MEDICAL CONDITION
#### (Against All Defendants)

68.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

69.     At all times relevant herein, Government Code § 12940(m) was in full force and effect, and was binding upon Defendants. Said section and its implementing regulations provides that it is unlawful for an employer to fail to make reasonable accommodations for the known disability of an employee.

70.     As more fully set forth above, Plaintiff suffered from a serious and chronic medical condition and disability, namely breast cancer, and post-surgical complications from surgery to remove the cancer. Plaintiff's medical condition and disability limited her ability to perform major life activities. Defendant knew and/or treated Plaintiff as if she suffered from disabilities and serious medical conditions that limited her ability to perform major life activities as set forth in this Complaint.

71.     At all times mentioned herein, Plaintiff desired a reasonable accommodation in the

-15-

form of additional time to prepare for her facilitations following her cancer diagnosis, her surgery and post-surgical complications; a leave of absence of two to three weeks following surgery as recommended by her physician so that she could properly recover and return to work without being in immense pain; and a leave of absence to recuperate from the post-surgical complications she was undergoing. Such accommodations would have likely been effective in allowing Plaintiff to recover so that she could return to work without being in immense pain, having her wounds infected and/or her stitches at risk of rupture. At no time would the performance of the functions of the employment position, with the aforementioned reasonable accommodation for Plaintiff's disability and medical condition, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

72.     As set forth more fully above, Defendants failed to offer Plaintiff reasonable accommodations, including additional time to prepare for her facilitations, additional time beyond the one week it gave her following her surgery to recuperate, and any accommodations, including a leave of absence, to recuperate from her post-surgical complications.  Instead, it took several adverse employment actions against Plaintiff due to her actual or perceived disability including having its HR personnel castigate her and tell her that her that her health issues were inconsistent with her career with Defendant, giving her more complicated facilitation topics than other trainees, giving her less time to prepare for facilitations than other trainees, failing to timely initiate the interactive process in good faith after being on notice that she may need an accommodation and/or further accommodation, including additional time to prepare for facilitations, and failing to provide her with an adequate accommodation in the form of a longer leave of absence which would have allowed her to properly recover following breast cancer surgery, giving her "Inconsistent" grades on facilitations for spurious reasons, placing her on spurious PIP less than a month after her surgery, and ultimately terminating her employment.

73.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

**COMPLAINT**

74.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

75.    In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

76.    Plaintiff has also incurred and continues to incur attorney's fees and legal expenses, and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

## FIFTH CAUSE OF ACTION

### RETALIATION
### (Against All Defendants)

77.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

78.    As more fully set forth above, Plaintiff suffered from a serious and chronic medical condition and disability, namely breast cancer, and post-surgical complications from surgery to remove the cancer.  Plaintiff's medical condition and disability limited her ability to perform major life activities. Defendant knew and/or treated Plaintiff as if she suffered from disabilities and serious medical conditions that limited her ability to perform major life activities as set forth in this Complaint.

79.    At all times mentioned herein, Plaintiff desired a reasonable accommodation in the form of additional time to prepare for her facilitations following her cancer diagnosis, her surgery and post-surgical complications; a leave of absence of two to three weeks following surgery as recommended by her physician so that she could properly recover and return to work without being in immense pain; and a leave of absence to recuperate from the post-surgical complications

**COMPLAINT**

she was undergoing. Such accommodations would have likely been effective in allowing Plaintiff to recover so that she could return to work without being in immense pain, having her wounds infected and/or her stitches at risk of rupture. At no time would the performance of the functions of the employment position, with the aforementioned reasonable accommodation for Plaintiff's disability and medical condition, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendants' business.

80.   Plaintiff had engaged in protective activities by exercising her right to an reasonable accommodation for her serious medical condition and disability under FEHA.

81.   As a result of Plaintiff's exercise of the above protective activities, Defendants retaliated against Plaintiff by subjecting her to adverse employment actions, including but not limited to, having its HR personnel castigate her and tell her that her that her health issues were inconsistent with her career with Defendant, giving her more complicated facilitation topics than other trainees, giving her less time to prepare for facilitations than other trainees, failing to timely initiate the interactive process in good faith after being on notice that she may need an accommodation and/or further accommodation, including additional time to prepare for facilitations, and failing to provide her with an adequate accommodation in the form of a longer leave of absence which would have allowed her to properly recover following breast cancer surgery, giving her "Inconsistent" grades on facilitations for spurious reasons, placing her on spurious PIP less than a month after her surgery, and ultimately terminating her employment.

82.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

83.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

84.   In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is

therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

85.   Plaintiff has also incurred and continues to incur attorney's fees and legal expenses, and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

## SIXTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR RETALIATION
(Against All Defendants)

86.   As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

87.   Government Code § 12940(k) was in full force and effect, and was binding upon Defendants and provides as follows: "It shall be an unlawful employment practice, [f]or an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

88.   Plaintiff was subjected to discrimination, harassment, and retaliation because she engaged in protective activities by requesting a reasonable accommodation in the form of a leave of absence for her own serious and chronic medical condition, namely breast cancer.

89.   As alleged herein, Defendants failed to take any appropriate remedial measures to prevent the above-mentioned discrimination and harassment from occurring. Instead, Defendants discriminated, harassed, and retaliated against Plaintiff for asserting her protected rights, including by having its HR personnel castigate her and tell her that her that her health issues were inconsistent with her career with Defendant, giving her more complicated facilitation topics than other trainees, giving her less time to prepare for facilitations than other trainees, failing to timely initiate the interactive process in good faith after being on notice that she may need an accommodation and/or further accommodation, including additional time to prepare for facilitations, and failing to provide her with an adequate accommodation in the form of a longer

-19-

COMPLAINT

leave of absence which would have allowed her to properly recover following breast cancer surgery, giving her "Inconsistent" grades on facilitations for spurious reasons, placing her on spurious PIP less than a month after her surgery, and ultimately terminating her employment.

90.   By failing to take all reasonable steps to prevent discrimination and harassment from occurring, Defendants violated Government Code § 12940(k).

91.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

92.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

93.   In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code §3294 in an amount to be determined at trial according to proof.

94.   Plaintiff has also incurred and continues to incur attorney's fees and legal expenses, and is entitled to reasonable attorney's fees and costs of suit as provided in Government Code § 12965(b), to be determined at trial according to proof.

### SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against All Defendants)

95.   As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations in the paragraphs above as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

96.   By reason of the aforementioned conduct and circumstances, Defendants and each of them violated the fundamental public policies of the State of California, as set forth in California Government Code § 12940.

-20-

COMPLAINT

97.     The discharge of Plaintiff by Defendants violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of an employee's own disability or serious medical condition, for requesting a reasonable accommodation for a disability and/or medical condition, and for exercising rights under the Constitution and laws of the State of California.

98.     On or about September 25, 2018, Defendants wrongfully terminated Plaintiff's employment. Plaintiff is informed and believes that her employment was terminated because of her being part of multiple protected classifications and engaging in protected activities: Namely, on account of her own disability or serious medical condition, and for requesting a reasonable accommodation for a disability and/or medical condition,

99.     In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

100.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

101.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

102.    Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants, and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. In light of Defendants' willful, knowing, malicious, and discriminatory conduct towards Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount to be

determined at trial according to proof, according to California Civil Code § 3294.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.      For damages according to proof, including loss of earnings, deferred compensation, overtime, and other employment benefits;

2.      For prejudgment interest on lost wages and benefits;

3.      For general damages, according to proof;

4.      For other special damages according to proof, including, but not limited to, reasonable medical expenses;

5.      For all damages and penalties available for violations of the FEHA and the Government Code;

6.      For punitive damages on each cause of action for which they are awardable, according to proof;

7.      For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiffs' civil rights as set forth above;

8.      For reinstatement of Plaintiff to the positions she would have held absent Defendants' wrongful actions;

9.      For interest at the legal rate from the date of injury or pursuant to Code of Civil Procedure § 3287; and

10.     For such other and further relief as the Court deems just and proper.

COMPLAINT

1

2   Dated:  January 6, 2020                    JHANS LAW

3

4                                              Siddharth Jhans
                                               Attorneys for Plaintiff,
5                                              MARIANNE KOHLMANN

6

7                          **DEMAND FOR JURY TRIAL**

8

9        Plaintiff hereby respectfully demands a jury trial on all issues so triable.

10  Dated:  January 6, 2020                    JHANS LAW

11

12                                             Siddharth Jhans
13                                             Attorneys for Plaintiff,
                                               MARIANNE KOHLMANN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 -23-

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

KOHLMANN VS TYLER TECHNOLOGIES

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC20-00008

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  05/22/20        DEPT:  33        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

      a.   an order establishing a discovery schedule
      b.   an order referring the case to arbitration
      c.   an order transferring the case to limited jurisdiction
      d.   an order dismissing fictitious defendants
      e.   an order scheduling exchange of expert witness information
      f.   an order setting subsequent conference and the trial date
      g.   an order consolidating cases
      h.   an order severing trial of cross-complaints or bifurcating
           issues
      i.   an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  01/06/20                    _____
                                    D. WEBER
                                    Deputy Clerk of the Court

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Siddarth Jhans, Esq. (SBN 254165)<br>Jhans Law<br>2121 North California Blvd, Suite 290<br>Walnut Creek, CA 94596<br>TELEPHONE NO. (415) 994-2653    FAX NO.:<br>ATTORNEY FOR (Name): Marianne Kohlmann | FILED<br><br>2020 JAN -6 P 1: 43<br><br>MIKE PIRKER<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA, CA<br>BY_____ D. WESE, DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS 725 Court Street
MAILING ADDRESS 725 Court Street
CITY AND ZIP CODE Martinez, CA 94533
BRANCH NAME: Wakefield Taylor Courhouse

CASE NAME:
Marianne Kohlmann v. Tyler Technologies, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C20 - 00008 -<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 01/06/2020
Siddarth Jhans, Esq.
_____    ▶ _____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
   toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil
   harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer
         or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
   complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex
   case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-
      domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
   above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-
      harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified
   above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

*Superior Court of California, County of Contra Costa*

# <u>UNLIMITED</u> JURISDICTION
## Civil Actions
## PACKET

### <u>What you will find in this packet</u>:

- **Interpreter Request (MC-300e&s)**

- **Notice To Plaintiffs (CV-655a-INFO)**

- **Notice To Defendants (CV-655d-INFO)**

- **ADR Case Management Stipulation and Order (CV-655b)**

- **Case Management Statement (CM-110)**

- **Alternative Dispute Resolution (ADR) Information (CV-655c-INFO)**

*You Can Get Court Forms FREE at:  www.cc-courts.org/forms*

## Superior Court of California, County of Contra Costa

### <u>Interpreter Request</u>

If you need an interpreter, please complete the form below and submit it to any Filing Window or courtroom.

Case Number: _____

**Case Type:**

☐ Criminal

☐ Traffic

☐ Civil Harassment

☐ Conservatorship

☐ Proceedings to terminate parental rights

☐ Dependent Adult Abuse

☐ Juvenile

☐ Small Claims -- ($10,000 or less)

☐ Civil - ☐ $25,000 ☐ over $25,000

☐ Civil – Other _____

☐ Family Law

☐ Unlawful Detainer

☐ Guardianship

☐ Elder Abuse

Party Requesting Interpreter: _____

Is interpreter for a witness?   ☐ Yes   ☐ No

Phone Number(s) where party can be reached: _____

Date of Hearing: _____     Time of Hearing: _____

Department: _____ Location: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Language Needed:  ☐ Spanish   ☐ Mandarin   ☐ Cantonese   ☐ Vietnamese

☐ Other: _____

To avoid the risk that your hearing will have to be postponed, please submit this form a minimum of one week in advance.

Current information about this program is available at our website:
www.cc-courts.org/interpreter

## Superior Court of California, County of Contra Costa

### Solicitud Para Intérprete

Si necesita un intérprete, favor completar este formulario y presentarlo en cualquier ventanilla para archivar documentos o con la secretaria del tribunal.

Número de Caso:_____

**Tipo de Caso:**

☐ Criminal

☐ Tráfico

☐ Acoso Civil

☐ Conservador

☐ Casos para Terminar Derechos de Madre o Padre

☐ Abuso de Adultos Incapacitados

☐ Tribial de Menores

☐ Demanda Civil – ($10,000 o menos)

☐ Demanda Civil -
    ☐ $25,000 ☐ más de $25,000

☐ Civil – otro tipo _____

☐ Casos de Familia

☐ Juicio de Desalojo

☐ Tutela

☐ Abuso de Personas Mayores

Persona que Necesita Intérprete: _____

☐ Marque aquí si esta persona es un testigo

Número Telefónico: _____

Fecha de la Audiencia Judicial: _____   Hora: _____

Departamento: _____   Ciudad: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Idioma Solicitado:   ☐ Español ☐ Mandarín ☐ Cantonés ☐ Vietnamita

    ☐ Otro Idioma: _____

Para evitar la posibilidad que su audiencia sea aplazada, favor the presentar este formulario al menos una semana antes de la fecha de su audiencia.

Información actualizada acerca de este servicio se encuentra en nuestra página web:
www.cc-courts.org/interpreter

MC-300a8a Rev. 1/24/16

Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS
In Unlimited Jurisdiction Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants  (Local Court Form CV-655d-INFO)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint you must prove that the forms have **been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.**  If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules, Title Three. If parties miss these deadlines, a judge might issue an order *(Order to Show Cause)* for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:
- a. The Summons
- b. The Complaint
- c. The Notice of Case Management (shows hearing date and time)
- d. Blank: Case Management Statement (Judicial Council Form CM-110)
- e. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f. Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management   Statement  (CM-110)*

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.
2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.
3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

    a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

    b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

    c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

    a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer  *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike  *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer  *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons  *(you were not legally served)*;
5. Motion to Stay  *(put the case on hold)*; or
6. Motion to Dismiss  *(stops the case)*.

      **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (925) 825-5700
- Bay Area Legal Aid:   (800) 551-5554
- Contra Costa County Law Library       Martinez: (925) 646- 2783        Richmond: (510) 374-3019
- Ask the Law Librarian:   www.247ref.org/portal/access_law3.cfm

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA**

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

**_ADR Case Management Stipulation and Order_**
**_(Unlimited Jurisdiction Civil Cases)_**

**CASE NO:** _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation  (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration  (☐ Judicial Arbitration (non-binding)  ☐ Private (non-binding)  ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date)*: _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date)*: _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery:  (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____     _____
                                                    **Judge of the Superior Court**

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| CASE MANAGEMENT STATEMENT <br> *(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐   Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐   complaint   ☐   cross-complaint     *(Describe, including causes of action)*:

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]
CASE MANAGEMENT STATEMENT
Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:                          f.  Fax number:
   e.  E-mail address:                            g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1)  For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** *(if available).*
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
| --- | --- |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
| --- | --- | --- |
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement (name):
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other (specify):
Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075

## MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

Garrett C. Parks (SBN 297971)
Email:    gparks@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| MARIANNE KOHLMANN, | Case No. C20-00008 |
| Plaintiff, | **DEFENDANT TYLER TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT** |
| vs. | |
| TYLER TECHNOLOGIES, INC., an entity; and DOES 1 through 25, inclusive, | Complaint Filed:  January 6, 2020 |
| Defendants. | |

Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant"), responds to the Complaint filed by Plaintiff Marianne Kohlmann ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies, both generally and specifically, each and every allegation, matter or complaint contained in the Complaint and the whole thereof, and further specifically denies that Plaintiff has been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from Defendant.

## AFFIRMATIVE DEFENSES

Defendant alleges the following separate and distinct defenses and affirmative defenses without conceding that Defendant necessarily bears the burden of proof or persuasion:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –
US_ACTIVE-151329296.1-GCPARKS 2/5/20 7:51 AM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      The Complaint, and each cause of action therein, fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Waiver)

2.      Plaintiff's claims are barred by the equitable doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel)

3.      Plaintiff's claims are barred by the equitable doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

4.      Plaintiff's claims are barred by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5.      Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

6.      Plaintiffs' claims are barred, in whole or in part, by the operation of the applicable statutes of limitation including, but not limited to, California Government Code § 12960 and 12965, California Code of Civil Procedure § 335.1, California Code of Civil Procedure section 340 and the California Private Attorneys General Act, California Labor Code §§ 2698, *et seq.*, California Business and Professions Code § 17208, and all other applicable limitations, statutes and requirements.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under the California Fair Employment and Housing Act ("FEHA"),

Government Code §§ 12900 *et seq.*, the California Private Attorneys General Act, California Labor Code §§ 2698, *et seq.*, or any other applicable statute.

### EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

8.      Plaintiff's claims, as alleged in the Complaint, are barred because the term of her employment was unspecified and therefore terminable at will, with or without cause, pursuant to California Labor Code § 2922.

### NINTH AFFIRMATIVE DEFENSE

### (Termination for Cause)

9.      If it is found that Plaintiff's employment was not terminable at-will, with or without cause, then Defendant alleges that any decision with respect to Plaintiff was made for good cause.

### TENTH AFFIRMATIVE DEFENSE

### (No Causation)

10.     Plaintiff is barred, in whole or in part, from recovering from Defendant on any of her claims because there is no causal relationship between any damages alleged to have been suffered and any act of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Disability)

11.     Plaintiff's claims for disability discrimination are barred, in whole or in part, because she is not and was not a qualified individual with an actual or perceived disability.

### TWELFTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

12.     Plaintiff's causes of action are barred because Defendant's decisions related to her were based on a bona fide occupational qualification.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

13.     Plaintiff's causes of action are barred because her proposed accommodations would create an undue hardship as to the operation of Tyler's business.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Participate in Interactive Process in Good Faith)

14.    Plaintiff's causes of action are barred because she obstructed or otherwise failed to participate in the interactive process in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodations Sought)

15.    Plaintiff's claims for disability discrimination are barred because reasonable accommodations were neither sought by Plaintiff nor required.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Performing Essential Functions)

16.    Plaintiff's claims for disability discrimination are barred, in whole or in part, because she was unable to perform the essential duties of her position, with or without reasonable accommodation, and/or could not perform her job in a manner that would not endanger her health or safety or the health and safety of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate and Nondiscriminatory Considerations)

17.    All actions taken by Defendant with regard to Plaintiff were based solely upon legitimate, non-discriminatory considerations and non-retaliatory reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences *McGinnis*)

18.    One or more of Plaintiff's claims for relief is subject to the doctrine of avoidable consequences because Defendant exercised reasonable care to prevent and correct any alleged discrimination or retaliation and Plaintiff unreasonably failed to use Defendant's preventative or corrective measures.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

ANSWER TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

19.     Any alleged damages that Plaintiff could recover must be eliminated or reduced by her failures to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Contribution)

20.     Defendant alleges that the injuries and/or damages alleged by Plaintiff were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts or failures to act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

21.     Plaintiff is barred in whole or in part from seeking any damages from purported physical or emotional injuries suffered as a result of her employment and termination in that the sole and exclusive remedy in this respect is governed by the California Workers' Compensation Act, Labor Code §§ 3200 *et seq*.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

22.     Plaintiff's claim for disability discrimination is barred, in whole or in part, by the doctrine of judicial estoppel to the extent she has requested and received benefits based on representations of an inability to perform the essential functions of her job.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages)

23.     Plaintiff is precluded from recovering punitive damages, either in whole or in part, because: (a) there is no applicable statutory basis; (b) Defendant at all times acted without oppression, fraudulent intent, or malice; (c) Plaintiff fails to allege facts sufficient to allow recovery of punitive or exemplary damages against Defendant; (d) none of the acts or omissions to act alleged in the Complaint were committed by an officer, director, managing agent of Defendant; and/or (e) punitive damages claims are barred and should be stricken to the extent they are unconstitutional under the California and United States Constitutions.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

24.    The Complaint, and each and every cause of action alleged therein, is barred by the after-acquired evidence doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Pre-Judgment Interest)

25.    The Complaint, and each purported cause of action therein, fails to state facts sufficient to entitle Plaintiff to an award of pre-judgment interest.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional defenses so it reserves the right to assert additional defenses if discovery indicates that additional defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

1.    That the Complaint be dismissed with prejudice;

2.    That Plaintiff take nothing by virtue of this action;

3.    That judgment be entered in favor of Defendant;

4.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem proper.

DATED:  February 5, 2020

REED SMITH LLP

By: _____
Garrett C. Parks
Attorneys for Defendant
Tyler Technologies, Inc.

ANSWER TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, California  94105-3659.  On **February 5, 2020,** I served the following document(s) by the method indicated below:

**DEFENDANT TYLER TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT**

☐    by transmitting via facsimile on this date from fax number +1 415 391 8269 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.  Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal. R. Ct. 2.306.

☑    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

☐    by transmitting via email to the parties at the email addresses listed below:

Siddharth Jhans                              Attorneys for Plaintiff
JHANS LAW                                    Marianne Kohlmann
2121 North California Blvd.
Suite 290
Walnut Creek, CA 94596
Telephone: 415.994.2653
Email: sid@jhanslaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **February 5, 2020,** at San Francisco, California.

_Karen Ellis_
Karen Ellis

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT B

Garrett C. Parks (SBN 297971)
Email:     gparks@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| MARIANNE KOHLMANN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TYLER TECHNOLOGIES, INC., an entity; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. C20-00008<br><br>**NOTICE TO CLERK AND TO PLAINTIFF OF NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed:  January 6, 2020 |

**TO THE SUPERIOR COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Tyler Technologies, Inc., has filed the Notice of Removal that is attached as **Exhibit A** pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1), and has removed the action to the United States District Court for the Northern District of California.

DATED:  February 5, 2020

REED SMITH LLP

By: _____
Garrett C. Parks
Attorneys for Defendant
Tyler Technologies, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-151112147.1-GCPARKS