Paulo B. McKeeby (SBN 00784571)
*Admitted Pro Hac Vice*
Email:     pmckeeby@reedsmith.com
REED SMITH LLP
2501 N. Harwood Street
Suite 1700
Dallas, TX  75201
Telephone: +1 469 680 4200
Facsimile: +1 469 680 4299

Garrett C. Parks (SBN 297971)
Email:     gparks@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
TYLER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE KOHLMANN,<br><br>             Plaintiff,<br><br>     vs.<br><br>TYLER TECHNOLOGIES, INC., an entity; and DOES 1 through 25, inclusive,<br><br>             Defendants. | Case No. 3:20-cv-00861 JCS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:   January 6, 2020<br><br>Honorable Joseph C. Spero |

    Pursuant to Local Civil Rule 7-12, and to protect the confidential, private, proprietary, privileged, and/or trade secret information obtained by the parties in connection with this case, Plaintiff Marianne Kohlmann ("Plaintiff") and Defendant Tyler Technologies Inc., ("Tyler" or "Defendant") (together, the "Parties") jointly move for and stipulate to the following protective order ("Protective Order"):

1.     Discovery may involve disclosure of private, proprietary, or confidential information and/or trade secrets entitled to confidential treatment. This Protective Order shall govern the production in this action of all documents and other information through formal discovery procedures and through the informal exchange of documents and information, including without limitation, pre-discovery disclosures, initial disclosures, documents in written and electronic form produced in response to requests for production of documents, answers to interrogatories, requests for admission, deposition and other oral testimony and disclosures (collectively, "Discovery Materials").

2.     The provisions of this Protective Order shall apply to (i) the Parties to this action, including, in the case of parties other than individuals, their officers, directors, partners, in-house counsel and employees, (ii) counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action, and (iii) any other person (or entity) who produces or provides Discovery Materials in this action and who agrees to be bound by the terms of this Protective Order.

3.     Any party or witness producing Discovery Materials which that party or witness believes in good faith are (i) unavailable to the public and contain private, confidential, or trade secret information, the disclosure of which would cause harm to Plaintiff's or to Tyler's business operations or privacy interest, or (ii) is entitled to protection under Federal Rule of Civil Procedure 26(c), may designate the Discovery Materials as "CONFIDENTIAL."

4.     A producing party or witness may designate as "CONFIDENTIAL," in whole or in part, any Discovery Materials by advising all other parties and marking any copies of the document or material provided (in a manner not affecting legibility) with the word "CONFIDENTIAL." Any party or non-party may obtain confidential treatment for Discovery Materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of the designation to all other parties or non-parties in possession of the Discovery Materials, and marks and reproduces the Discovery Materials.

5. Discovery Materials will not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order. A non-producing party will not, except by written consent of the producing party or witness, use "CONFIDENTIAL" Discovery Materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the prosecution and/or defense of this action.

6. A non-producing party will not, without the consent of the producing party or witness, disclose "CONFIDENTIAL" Discovery Materials to any persons other than the following, and disclosure will be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

(a) Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action;

(b) The named parties in this action and employees, officers, directors, and in-house counsel of named parties;

(c) Any expert retained or consulted in connection with the prosecution and/or defense of this action, who will be required to execute Exhibit A to this Protective Order;

(d) Any non-party deponents or witnesses at depositions or hearings, as reasonably necessary to give their testimony, who will be required to execute Exhibit A to this Protective Order;

(e) Court reporters and stenographers, who will be required to execute Exhibit A to this Protective Order; and

(f) The Court and any persons employed in the Court whose duties require access to "CONFIDENTIAL" Discovery Materials.

7. Whenever possible, the attorney defending a deposition or other oral testimony involving "CONFIDENTIAL" Discovery Materials will affirmatively designate that testimony with the appropriate category of designation on the record. A party or the witness may also make such a designation after transcription by giving written notice identifying the information to be so designated by page and line number(s) to counsel of record within sixty (60) days from the date a copy of the transcript is received.

8.    Any party may object to the designation of particular Discovery Materials as "CONFIDENTIAL" by giving written notice to the party or witness making the designation and to all other parties.  The notice must identify with reasonable specificity the Discovery Materials the objection is directed and the basis for the objection.  The Parties will attempt to resolve any dispute by the meet and confer process.  If the dispute cannot be resolved, it will be the obligation of the party objecting to the designation to file an appropriate motion requesting a ruling by the Court that the disputed Discovery Materials not be designated "CONFIDENTIAL."  The motion must be brought under regular and proper notice and must be heard by the last date to hear all discovery motions prior to trial.  The disputed Discovery Materials will continue to be treated as "CONFIDENTIAL" pending a ruling from the Court.

9.    If any non-designating party seeks to file under seal with the Court any document designated as "CONFIDENTIAL" or any document containing information from Discovery Materials bearing such a designation, pursuant to this Protective Order, the filing party must comply with the procedures explained in Civil Local Rule 79-5.

10.    Within sixty (60) days of the conclusion of this action, all "CONFIDENTIAL" Discovery Materials must be returned to the producing or providing party or witness, or at the option of and upon written request of the producing party, must be destroyed by the receiving party in possession of the "CONFIDENTIAL" Discovery Materials.

11.    This Protective Order may be modified by written stipulation signed by the Parties or counsel or by order of the Court.  Nothing in this Protective Order prohibits a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

12.    By this Protective Order, the Parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Protective Order by application or notice on any grounds.

13.    This Protective Order will not control the use of any evidence during the trial or any hearing of this case.  However, nothing in this Protective Order will preclude either party from

seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

14. The fact that Discovery Material is or is not designated "CONFIDENTIAL" or that such material is disclosed in this litigation will not be construed in any other context or proceeding before any court, agency, or tribunal as a waiver or admission that the material is or is not confidential or proprietary.

15. The inadvertent production or disclosure of any confidential or privileged material in discovery or otherwise will not be deemed a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Protective Order. Any party receiving any such information shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the assertion of confidentiality. Disclosure of the information or documents by the other party prior to such later designation will not be deemed a violation of the provisions of this Protective Order.

16. The Court may impose any sanction for violations of this Protective Order that it is empowered to impose for violations of its orders generally. This Court shall retain jurisdiction over any and all disputes arising under this Protective Order, which may arise after the conclusion of the case.

DATED: June 24, 2020         REED SMITH LLP

By: */s/ Garrett C. Parks*
Paulo B. McKeeby *(Pro Hac Vice)*
Garrett C. Parks
Attorneys for Defendant
Tyler Technologies, Inc.

DATED:  June 24, 2020        JHANS LAW

By: /s/ Siddharth Jhans
    Siddharth Jhans
    Attorneys for Plaintiff
    Marianne Kohlmann

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I, Garrett C. Parks, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories by a conformed signature (/S/) within this e-filed document.

Dated:  June 24, 2020

REED SMITH LLP

By: /s/ Garrett C. Parks
    Paulo B. McKeeby *(Pro Hac Vice)*
    Garrett C. Parks
    Attorneys for Defendant
    Tyler Technologies, Inc.

### [PROPOSED] ORDER

GOOD CAUSE APPEARING, it is hereby ORDERED that all parties to this action and their counsel comply with the provisions of the Parties' Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated:  June 24, 2020

_____
Joseph C. Spero
Chief U.S. Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Kohlmann v. Tyler Technologies, Inc. et al.*, Case No. C 3:20-cv-00861 JCS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____